IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

WESLEY HUNT,

    Plaintiff,

v.

CATHEDRAL ENERGY SERVICES, INC., a Delaware corporation,

    Defendant.

**COMPLAINT**

Plaintiff Wesley Hunt, by and through undersigned counsel, files his *Complaint* against Cathedral Energy Services, Inc., a Delaware corporation ("Cathedral").

**STATEMENT OF THE CASE**

1. The federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (the "FLSA"), the Colorado Wage Claim Act, § 8-4-101, *et seq.* (the "Wage Claim Act"), and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Act") contain various rules regarding employee wages and working hours. Cathedral violated these laws by misclassifying Plaintiff as an independent contractor and failing to pay him premium pay for all of his overtime hours worked. This action seeks to recover damages and backpay to compensate Plaintiff for these wage violations.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, a former employee of Cathedral, is an individual and resident of the State of Colorado.

3. Defendant Cathedral Energy Services, Inc. is a corporation organized under the laws of the State of Delaware with its Colorado office located at 1801 Broadway Street, #300, Denver, Colorado 80202. At all times relevant to this action, Defendant has been located in and has conducted business in the State of Colorado.

4. This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331. Venue is proper under 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

5. The FLSA, Minimum Wage and Wage Claim Acts require employees to be compensated at their "regular rate of pay" for all time worked. Moreover, state and federal law require employees to be compensated at "time and one-half" their regular rate of pay for all overtime hours worked.

6. Cathedral provides directional drilling services to oil companies in various states. Plaintiff worked in Colorado for Cathedral as a "Directional Drilling Consultant".

7. Although Plaintiff was required to work more than forty (40) hours per workweek, and did so frequently, Plaintiff was not compensated at the mandated time and one-half rate for overtime hours. Instead, Plaintiff was paid a daily rate for all hours worked, regardless of how many hours he actually worked. That is, Cathedral paid

Plaintiff straight time for overtime.

8. Cathedral refused to pay overtime to Plaintiff because it classified him as an independent contractor rather than an employee. In reality, however, Plaintiff was an employee and, therefore, was entitled to overtime premium pay.

9. Cathedral classified Plaintiff and other employees as independent contractors to avoid its obligations to pay employees the overtime premium as well as to reap other benefits of such illegal classification such as reduce tax liability, avoid paying workers' compensation insurance, and other forms of insurance and to pass on Cathedral's operations costs to its work force.

**FIRST CLAIM FOR RELIEF**
**(Violation of the Colorado Wage Claim Act, § 8-4-101, *et seq.*)**

10. Plaintiff incorporates by reference all of the above paragraphs.

11. At all relevant times, Cathedral has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act. At all relevant times, Cathedral has employed, and/or continues to employ, "employees", including Plaintiff, within the meaning of the Wage Claim Act.

12. Plaintiff was an employee of Cathedral within the meaning of the Wage Claim Act from September 2011 to January 2015.

13. As a result of the foregoing conduct, as alleged, Cathedral has failed to pay wages due under the Wage Claim Act, Minimum Wage Act and FLSA thereby violating, and continuing to violate, the Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

14. As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment in an amount sufficient to provide compensation for all overtime hours he worked that were not compensated properly. Such payment should be made care of undersigned counsel at the listed address.

**SECOND CLAIM FOR RELIEF**
**(Violation of the Colorado Minimum Wage Act, § 8-6-101, et seq.)**

15. Plaintiff incorporates by reference all of the above paragraphs.

16. At all relevant times, Cathedral has been, and continues to be, an "employer" within the meaning of the Colorado Minimum Wage Act.

17. At all relevant times, Cathedral has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Minimum Wage Act.

18. Plaintiff was an employee of Cathedral within the meaning of the Minimum Wage Act from September 2011 to January 2015.

19. As a result of the foregoing conduct, as alleged, Cathedral has violated, and continues to violate, the Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

20. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

**THIRD CLAIM FOR RELIEF**
**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)**

21. Plaintiff incorporates by reference all of the above paragraphs.

22. At all relevant times, Cathedral has been, and continues to be, an

"employer" within the meaning of the FLSA.

23. At all relevant times, Cathedral has been an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

24. At all relevant times, Cathedral has had gross volume of sales in excess of $500,000.

25. At all relevant times, Cathedral has employed, and/or continues to employ, non-exempt "employees," including Plaintiff. Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216(b).

26. Plaintiff was an employee of Cathedral within the meaning of the FLSA from September 2011 to January 2015.

27. While employed by Cathedral, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

28. As a result of the foregoing conduct, as alleged, Cathedral has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.* These violations were committed knowingly, willfully and with reckless disregard of applicable law.

29. As a result, Plaintiff has been damaged in an amount to be determined at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of himself and against Cathedral as follows:

1. Awarding Plaintiff his compensatory damages, attorneys' fees and litigation expenses as provided by law;

2. Awarding Plaintiff his pre-judgment, post-judgment and moratory interest as provided by law;

3. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law; and

4. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted this 1st day of January, 2017.

*s/Brian D. Gonzales*
_____
Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
242 Linden Street
Fort Collins, Colorado 80524
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com

*Counsel for Plaintiff*